YAHR, Appellant, vs. JOINT SCHOOL DISTRICT No. 2 OF THE TOWNS OF PRINCETON AND ST. MARIE, Respondent.

*March 24— April 12, 1898.*

*Appeal: Nonsuit: Building contract: Liability of owner for materials: Condition precedent: Waiver.*

1. Upon the trial of a question of fact by the court without a jury, a nonsuit is never proper under our practice; and yet if, on appeal in such a case, it appears that the plaintiff entirely failed to show any legal demand against the defendant, the judgment of nonsuit will be affirmed.

2. Where a school district, in a contract for the erection of a school house, agreed with the contractor to pay all bills for materials upon the indorsement of such contractor in the form of an order, and such payments were to be accepted as payments on the contract, *held*, that there was no privity of contract between the school district and the furnisher of materials; that the district had assumed no obligation to pay bills for materials except on the order of the contractor, and then only to the extent of the contract price; and that it did not, by making advancements to such materialman on the verbal order of the contractor before any bill was presented, waive the requirements of the contract, or give such materialman any right of action against it.

APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

On April 30, 1894, defendant and one Gustave Krause entered into a contract by which the latter agreed to build a school house for the defendant for the sum of $9,215. The

contract contained, among other things, certain provisions to the effect that the school district should pay all bills for materials, upon the order of Krause, and, when so paid, such payment should be deemed a payment of so much of the consideration of the contract. The contractor entered into the performance of his engagement, and from time to time purchased building materials from the plaintiff, amounting in all to the sum of $2,822.82, and which were used in the construction of the school house. During the progress of the work, defendant paid plaintiff, upon the verbal order of Krause, $1,800, and his account was reduced in various ways until the balance due was $854.10. The plaintiff brought this action directly against the school district, claiming that it was liable to him under the contract. The action was tried by the court without a jury; and, after hearing the proofs, the court made an order dismissing the action, and rendered a judgment against the plaintiff for costs. No findings were made or filed by the trial court. The plaintiff appealed from the judgment against him for costs.

*Perry Niskern,* for the appellant.

For the respondent there was a brief by *Frank E. Clark,* attorney, and *Thompson, Harshaw & Thompson,* of counsel, and oral argument by *Mr. Clark.*

BARDEEN, J. The proceedings of the trial court were irregular. Sec. 2863, R. S. 1878, provides that, upon a trial of a question of fact by the court, the judge shall give a decision in writing, stating separately (1) the facts found by him, and (2) his conclusions of law thereon. The record shows that, after plaintiff rested his case, the defendant moved for a nonsuit, which motion was granted, and thereupon an order was entered dismissing the action. This was clearly against settled practice and the requirements of the statute, and, except for the fact that the evidence shows

that plaintiff has no cause of action, would necessitate a re-
versal of the judgment.  It seems entirely unnecessary to
state that, in trials by the court without a jury, a nonsuit is
never proper under our practice.

Notwithstanding a jury had been waived and the trial had
proceeded before the court, plaintiff's counsel has argued at
some length that the nonsuit should not have been granted,
because "there was evidence to go to the *jury* at least on
the question as to whether plaintiff should not recover part
of his claim."  The only substantial question raised by the
plaintiff's contention is whether there was such a waiver of
the terms of the building contract, under the circumstances
in proof, as to render the defendant liable in this action.
The contract contained the following provisions: "All bills
for materials used in and about said building shall be paid
by the said first party [school district] upon the indorsement
of second party [Krause], which indorsement shall be an
order for first party to pay the same.  The said bills shall
be retained by first party, upon the payment of which it
shall take and hold receipts for the same. . . . All re-
ceipts taken by first party as above, either for the payment
of materials or for labor, shall be accepted by said second
party as and for so much of the consideration as the same
shall amount to, and shall be deemed to be the actual pay-
ment of so much of the consideration."  During the progress
of the work, upon the verbal direction of Krause, defendant
paid plaintiff at one time $1,000, and at another $800, with-
out any bills having been presented.  About October 3d or
4th, plaintiff made out a bill for the balance due him at that
time of about $656, and requested defendant's clerk to pay
the same, but payment was refused.  The bill was not in-
dorsed by Krause.  Plaintiff continued to furnish more mate-
rials, and on November 21st made out a statement of his
account (not a detailed bill), which he presented to the clerk,

showing a balance his due of $854.10.   The bill was not in-
dorsed or approved by Krause.   On the same day, the de-
fendant and Krause settled on the amount due under the
contract, and the latter was paid $23.78.   Later Krause made
claim for extra work, and on December 10th the defendant
admitted that he was entitled to $197.50 therefor, and, upon
his order, paid that amount to other parties who had fur-
nished materials for the building.   On December 11th, the
following indorsement was written on the back of the plaint-
iff's bill, filed November 21st: " Indorsed.  Gustave Krause."
At that date Krause had been paid in full.

Upon this state of facts the plaintiff claims the right to
recover, at least, the amount due him in October, when he
presented his bill and made a demand from the clerk.  There
was no privity of contract between plaintiff and defendant.
The provision in the building contract that defendant should
pay bills for materials furnished was for the benefit of Krause,
and defendant's right to pay the same as a payment on the
contract was dependent upon Krause's indorsement on the
bills in the form of an order to pay the same.  The fact that
defendant made advancements to plaintiff, before any bill
was presented, upon the verbal direction of Krause, is in no
sense a waiver of the requirements of the contract.  It was
a mere gratuitous accommodation, outside of the contract.
The school district assumed no obligation to pay bills for
materials, except on the order of the contractor, and then
only to the extent of the contract price.  This provision in ·
the contract did not inure to the benefit of plaintiff except
upon his compliance with its terms.  The fact that he sold
building materials to Krause, which went into the school
building, gave him no right of action against the defendant,
such as he here is seeking to enforce.  He does not claim to
have sold any materials or done any act to his prejudice in
reliance upon the supposed waiver.  No principle of estoppel

·can be invoked against the defendant.   The plaintiff having entirely failed to show any legal demand against the defend-ant, he cannot complain that he was sent out of court.

*By the Court.*— The judgment of the circuit court is af-firmed.