SLITER, Appellant, vs. CARPENTER, Respondent.

*December 14, 1904—January 10, 1905.*

*Navigable waters: Title to islands: Boundaries: Trespass: Practice:*
*Trial of issue of fact by court: Necessity of findings: Nonsuit.*

1. The grant of lands on the bank of a navigable stream, made
   without limitation or reservation as to adjacent islands, vests
   in the purchaser the title to any unsurveyed island lying be-
   tween the bank and the thread of the stream.
2. Plaintiff and his assignors were the owners of the lands on the
   south bank of a navigable river opposite which was an unsur-
   veyed island, the main body of which island lay south of the
   thread of the stream. Defendant entered on this island and
   cut timber on that part of the island lying near the south bank
   of the river. No separation, by conveyance, of the island from
   the bank was shown. *Held*, that the plaintiff was entitled to
   recover from the defendant the value of the timber cut and
   removed therefrom.
3. Under sec. 2863, Stats. 1898, requiring upon trial of an issue of
   fact by the court, its decision shall be made in writing, and
   that the judge shall state separately the facts found by him,
   and his conclusions of law thereon, when an action is tried by
   the court without a jury, it is error to grant a motion of non-
   suit, and to thereon award judgment dismissing the complaint.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed.*

This is an action to recover damages for cutting wood from
an island in the Wisconsin river. The plaintiff is the owner
of the fractional northeast quarter of the southwest quarter of
section 24, township 8 north, range 3 east, which is designated
as lot 3. This land lies adjoining and borders on the Wis-
consin river. On the bed of the river, bordering on plaintiff's
land, is an island, which extends to the west. The river bed
borders on fractional lots of land in the same section, known
as lots 1 and 2, one of which is owned by John L. Jones, and
the other by plaintiff and Edward B. Sliter. The defendant
is charged with having cut growing timber from off a portion
of this island during the month of January, 1901, and there-

after, to the damage of these owners. Plaintiff is the assignee
of any right of action which John L. Jones and Edward B.
Sliter may have had against defendant on account of the cut-
ting of such wood. It appears that the south bank of the river
was surveyed by the government in 1833 and 1834, and a rec-
ord thereof was duly made under governmental authority,
consisting of a plat and field notes, and that the title to these
lots of land was derived from the government. The location
of these lots is shown to be on the Wisconsin river, forming
the south bank or shore. The land lying opposite these lots,
and forming the north bank of the river, was surveyed and
platted by the federal government in 1841, and record thereof
was duly made, showing its location by government descrip-
tions. The land forming this north bank of the river lies in
the same township with these lots. It appears that an island
existed in the river between the shore of the river bordering
on these lots on the south and the opposite north shore of the
river, which was not surveyed nor described, but was noted by
outline on the two plats of the surveys of the township. The
outline and location of the island differ on these plats. From
the field notes it appears that the head or upper end of the
island was in front of lot 1, and extended down the river in
front of and beyond lots 2 and 3. The evidence shows that
the island is separated from the upland or bank of the south
of the river by a narrow part of the river channel or a slough,
which has been practically the same since 1853, and that the
main part of the river channel lies between the island and the
north shore of the river. The south bank or shore is rocky
and precipitous, and has not materially changed since the
survey, and the north shore of the river has but slightly
changed since the government survey of the shore in 1841.
It is conceded that the main body of the island lies south of
the line midway between the two banks of the river, and that
timber was cut by defendant off the part of the island lying
near the south river bank, in front of lots 1, 2, and 3. The

parties waived a jury, and tried the cause before the court.. At the conclusion of plaintiff's testimony, defendant made a motion for a nonsuit, which was granted. No findings of fact or conclusions of law were made in the case. A judgment as upon nonsuit was granted, and for costs. Plaintiff appeals from this judgment.

For the appellant there was a brief by *Thomas W. King,* attorney, and *Olin & Butler,* of counsel, and oral argument by *Mr. King* and *Mr. H. L. Butler.*

For the respondent there was a brief by *Grotophorst,. Evans & Thomas,* and oral argument by *E. A. Evans.*

SIEBECKER, J.    The facts of this case are to the effect. that an island formed on the Wisconsin river bed, the main part of which is in front of the above-described land, designated as lots 1, 2, and 3—being fractional quarter sections— and that plaintiff and his assigns are riparian proprietors of the bed of the river in front of these lots of land.    It is also conceded that the greater part of the island lies between the south bank of the river and the thread of the stream (i. e.,. midway between the two banks), and that this has been the situation since 1853.    There is no contention but that defendant did some cutting of timber on the island to the south of the line midway between the north and south river banks; thus being within the river bed in front of, and bordering on, the land owned by plaintiff and his assignors.

It was held in *Chandos v. Mack,* 77 Wis. 573, 46 N. W.. 803, that a grant of lands on the bank of a navigable stream, made without limitation or reservation as to the adjacent islands, vests in the purchaser the title to any unsurveyed island lying between the bank and the thread of the stream. This ownership is predicated upon the ground that the riparian proprietors in this state are, by concession of the state, the owners of the river bed adjoining their land to the thread of' the stream, and that this ownership extends to any island

or dry land which may be formed thereon. This rule is affirmed by this court in *Norcross v. Griffiths,* 65 Wis. 599, 27 N. W. 606; *Willow River Club v. Wade,* 100 Wis. 86, 76 N. W. 273; and *Franzini v. Layland,* 120 Wis. 72, 97 N. W. 499.

Upon the trial the court dismissed the complaint, holding that the plaintiff and his assigns had shown no title to the island. Since there is no dispute but that plaintiff and his assignors were the owners of the river bank included within lots 1, 2, and 3 at the time of the alleged trespasses, under the established principle of the foregoing cases there can be no question as to their ownership of that part of the island situated on the river bed between this bank and the thread of the stream. There is nothing in the evidence to indicate but that this is an unsurveyed island formed upon that part of the bed of the river which is owned by the riparian proprietors. Under such circumstances, the original grant by the government carried with it the right of ownership to the island, in all respects as it did to the bed of the stream. The interest thus conveyed attaches and is appurtenant to the bank, and passes by conveyance of the title to the bank, unless it be separated therefrom by deed of conveyance. No such separation as to the lands in question is shown to have taken place. The result is that the plaintiff and his assignors were the owners of the island to the thread of the stream, and of the timber which the defendant cut and removed therefrom.

The court and counsel erroneously assumed that the practice which would be applicable to the trial of this case before a jury regulated the trial before the court after a jury had been waived. Under this view, defendant's counsel made a motion of nonsuit at the conclusion of plaintiff's testimony, which was entertained and granted; and, on such ruling, judgment dismissing the complaint was awarded. This practice has met with disapproval in repeated decisions of this court. Under sec. 2863, Stats. 1898, upon the trial of a ques-

tion of fact by the court its decision shall be made in writing, and the judge is required to state separately (1) the facts found by him; and (2) his conclusions of law thereon. Though noncompliance with the statute in this respect may not be reversible error, the statutory requirement is plain, and the decision in such cases should state the facts and give the conclusions of law. *Dietz v. Neenah,* 91 Wis. 422, 64 N. W. 299, 65 N. W. 500; *Yahr v. Joint School Dist.* 99 Wis. 281, 74 N. W. 779; *Farmer v. St. Croix P. Co.* 117 Wis. 76, 93 N. W. 830.

It is obvious from the record before us that the question of damages was not tried and determined, resulting undoubtedly from such misapplication of the rules of practice. Since the judgment must be reversed, and since the damages have not been determined, the trial court should proceed, upon the return of the case, to ascertain the damages. The court may, in its discretion, allow further proof upon this issue.

Attention is called to a clerical mistake in the record, in that the judgment recites that ROBERT G. SIEBECKER acted as presiding judge upon the trial of the case. The record shows that at the time of the trial E. RAY STEVENS was the judge of the circuit court for Dane county, and presided at the trial.

*By the Court.*—Judgment reversed, and the cause is remanded with directions to award judgment in plaintiff's favor for such an amount of damages as the court may determine.