WESCOTT and another, Appellants, vs. CATENCAMP, Respondent.

*May 13—June 21, 1926.*

*Judgment: Res adjudicata: Petition by creditor to intervene in divorce action: To vacate or modify judgment: Purchaser at execution sale not in privity with judgment creditor: Estoppel: Trial of issue in bar.*

1. An order denying the petition of the husband's creditor to intervene in a divorce action to compel the wife's reconveyance of land alleged to have been' conveyed to her by the husband in fraud of creditors, is *res adjudicata* only as to whether the court abused its discretion in denying the petition, and does not bar an action against the wife to set aside a deed by the purchaser of the land at a sale on execution issued on a judgment in favor of the creditor. p. 522.

2. An application to change or vacate a judgment should be made in the action in which it was entered and to the court that rendered it, since one court will not review, set aside, or restrain the enforcement of a judgment entered by another court of concurrent jurisdiction. p. 522.

3. The petition was not an election of remedies, estopping the purchaser of the land at execution sale from bringing an action to set aside the deed to the wife, who was not in privity with the creditor. p. 523.

4. Purchasers of land at an execution sale are not in privity with the holder of the judgment, since they did not succeed to the ownership directly or by mesne conveyances, by gift, kinship, or operation of law, but as purchasers through a sale on execution. p. 523.

5. In an action to set aside a deed, the court may first determine the issue of *res adjudicata* raised in bar, but cannot make findings on that issue until all the proof thereon is offered. p. 524.

APPEAL from a judgment of the circuit court for Marathon county: A. H. REID, Circuit Judge. *Reversed.*

Action to set aside a deed of land in Waupaca county given to the respondent, *Ida Catencamp,* by her husband on April 18, 1921, and to restrain the respondent from disposing of said land. The complaint alleged that such con-

veyance was fraudulent and that it was made to hinder, delay, and defraud creditors of the husband. At the time this deed was given, the husband of *Ida Catencamp* was indebted to Mary Wescott, who is not a party to this action. On June 29, 1921, Mary Wescott's claim was reduced to judgment. Subsequently the land deeded to *Ida Catencamp* by her husband on April 18, 1921, was levied upon and sold upon execution sale to *Eugene A. Wescott*, one of the appellants.

On April 25, 1921, *Ida Catencamp* was granted a divorce from her husband. The decree vested in her the title to the land conveyed by the deed of April 18, 1921. On June 3, 1921, Mary Wescott filed a petition in the divorce action asking leave to intervene in the divorce proceeding for the purpose of having the divorce decree of April 25, 1921, set aside so far as it related to the division of property, and for the further purpose of compelling *Ida Catencamp* to reconvey the land here in question to her husband. The application to intervene was denied and that order was affirmed by this court in 177 Wis. 625, 627, 189 N. W. 144, "upon the ground that we can find no abuse by the trial court of the discretion vested in him upon such application."

Upon the trial of this action the record in the application to intervene was offered in evidence. A witness was then called as to the value of the property. Then objection was made to the introduction of any further proof for the reason that it appeared from the record in the application to intervene in the divorce action that all of the issues in this action had been adjudicated and that by a previous election of remedies the plaintiff has waived any right to proceed in this action and that the decree of the court cannot be collaterally attacked in this action. This objection was sustained, and judgment was ordered in favor of *Ida Catencamp* without permitting appellant to complete his proof or to offer any further testimony.

For the appellants there was a brief by *Brown, Pradt & Genrich* of Wausau, attorneys, and *Bagley, Spohn & Ross* of Madison, of counsel, and oral argument by *William H. Spohn* and by *Eugene M. Wescott* of Shawano.

For the respondent there was a brief by *John C. Hart* of Waupaca, attorney, and *Goggins, Brazeau & Graves* of Wisconsin Rapids, of counsel, and oral argument by *Mr. Hart* and *Mr. C. W. Graves.*

STEVENS, J.   The court was doubtless led to sustain the objection made to the introduction of further proof by the fact that the order denying the application to intervene contained findings upon some of the issues raised by the pleadings in this action.   Such findings were a basis for the exercise of the court's discretion in determining whether the petition to intervene should be granted, but they did not finally determine the merits of the claims of any party to this action or to the divorce action in such manner that such party could review that determination upon appeal from the order denying the right to intervene.   Upon appeal from that order the only question that could be considered was whether the court had abused the discretion vested in it. That order was *res adjudicata* upon no other question.   The parties to this proceeding never have had their day in court upon the merits of any issue presented in this action.   Even if Mary Wescott were a party to this action, the denial of her right to intervene in the divorce action would not bar her right to litigate the issues presented in this action.   *Coleman v. Hunt,* 77 Wis. 263, 264, 45 N. W. 1085.

The situation presented is very different from that considered in *Jackson Milling Co. v. Scott,* 130 Wis. 267, 110 N. W. 184.   It is well settled that when an attempt is made to change or vacate a judgment, the application should be made in the action in which the judgment was entered and to the court that rendered the judgment, for the very ob-

vious reason that one court will not review, set aside, or restrain the enforcement of a judgment entered by another court of concurrent jurisdiction. Here no direct attack is made upon the divorce judgment. The attack is upon the deed given before the divorce judgment was entered. The divorce judgment is not even mentioned in the complaint.

Mary Wescott's application to intervene in the divorce action was not an election of remedies which binds the parties nor does it estop the parties now before the court from proceeding in this action. Mary Wescott is not a party to this action. None of the parties to this action are in privity with her. The fact that the parties to this action purchased land upon sale upon execution issued upon a judgment in favor of Mary Wescott does not put them in privity with her. To be in privity as to these lands the parties must have succeeded to the ownership of the property here in question "directly or by mesne conveyances, by gift, by kinship, or by operation of law." *Kimberly-Clark Co. v. Patten Paper Co.* 153 Wis. 69, 86, 140 N. W. 1066. "Privity relates to property only in the doctrine of *res adjudicata,* and to the particular property forming the subject of the former litigation. . . . The term is applicable only to the situation of mutual succession or relation to the same right of property." *Hart v. Moulton,* 104 Wis. 349, 354, 355, 80 N. W. 599.

Here the parties to this action did not succeed to the same right of property which was possessed by Mary Wescott. She never had title to the property. These parties did not succeed to the ownership of this property by gift of Mary Wescott, by reason of kinship to her, or by operation of law as heirs at law or by mutual succession. They secured the property through the strong arm of the law by virtue of an execution sale.

Belief that the findings made in the proceeding on the application to intervene were *res adjudicata* in this action

doubtless led the court into the error of sustaining the objection to the introduction of further evidence without giving the plaintiff the right to present his case. The court had the right to determine the issue in bar before proceeding to determine the other issues in the case. But if this method of trial was adopted, the plaintiff should have been permitted to offer such proof as he desired upon that issue before findings were made. Until all proof on that issue had been offered the court could not make its findings. *Sliter v. Carpenter,* 123 Wis. 578, 581, 582, 102 N. W. 27.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.