ROUSH, Appellant, vs. BATTIN, Respondent.

*November 19—December 23, 1947.*

For the appellant the cause was submitted on the brief of *Thorson, Seymour & Korf* of Elkhorn.

For the respondent there was a brief by *Godfrey, Pfeil & Godfrey* of Elkhorn, and oral argument by *Thomas G. Godfrey.*

RECTOR, J. The defendant's answer admitted that on August 31, 1935, he and the plaintiff entered into an agreement to marry within a reasonable time thereafter. He based his defense upon a mutual rescission of the agreement and other matter not relevant to this discussion. The trial court entered judgment for the defendant at the conclusion of plaintiff's testimony upon the ground that a part of the consideration for the defendant's promise consisted of illicit cohabitation between the parties, and that the contract was therefore void.

The trial court did not make findings of fact and conclusions of law. In an action tried by the court a dismissal at the conclusion of plaintiff's testimony is a determination on the merits and should be accompanied by findings and conclusions. *Yahr v. Joint School District No. 2* (1898), 99 Wis. 281, 74 N. W. 779. However, the remarks of the trial court contained in

the record are sufficient to apprize us of its views upon the essential facts, and it is therefore unnecessary to return the case for further proceedings because of the omission. *United Parcel Service v. Public Service Comm.* (1942) 240 Wis. 603, 4 N. W. (2d) 138, 5 N. W. (2d) 635.

The facts are simple. In 1933 plaintiff, then a divorcee with a six-year-old daughter, was employed by defendant in his farm home as a housekeeper. She remained in his employ until June of 1934 when she married and left his home. During the period of her employment by defendant they engaged in illicit cohabitation. A few weeks after her marriage she returned and defendant asked her to remove her wedding ring. She told him that she did not propose to continue their former relationship, and that she desired to establish a home for her daughter. Defendant said that if she would remain with him and obtain a divorce, he would consider marriage to her. Upon that understanding she again entered into employment as his housekeeper and illegally cohabited with him. She obtained a divorce in May of 1935 and on August 31, 1935, defendant asked her to marry him and she accepted the proposal.

The case turns on the question whether at the time of the proposal it was contemplated that plaintiff should continue her illegal cohabitation with defendant as a consideration for his promise to marry her. If it was, the agreement to marry was invalid. *Estate of Fox* (1922), 178 Wis. 369, 190 N. W. 90; 8 Am. Jur., Breach of Promise of Marriage, p. 850; 6 Williston, Contracts, p. 4940. There is no question but that illicit cohabitation continued after the promise to marry.

We are of the opinion that the facts do not sustain the trial court's conclusion that the contract to marry was accompanied by an agreement to continue the unlawful cohabitation. It is clear that before her divorce plaintiff cohabited with defendant upon the strength of his statement that after the divorce he would consider marriage to her. However, at the time of the proposal the plaintiff had obtained her divorce and the record

is devoid of any evidence bearing upon an agreement to continue cohabitation. The fact that the parties continued their unlawful relationship after they entered into the contract does not establish that it formed a part of the consideration for the contract.

Defendant also contends that the judgment should be affirmed upon the ground that the parties mutually rescinded the contract. This claim is based upon a letter addressed by plaintiff to her sister in November, 1939, in which she stated that the defendant seemed to be indifferent to marriage; that it might be best for her and the defendant to go their separate ways; and that she had advised him she would leave his home if he so desired. It is contended that this evidences an offer to release defendant from his contract, upon which he acted, thereby terminating the agreement. *Kellett v. Robie* (1898), 99 Wis. 303, 74 N. W. 781. The plaintiff denied making the offer, but assuming that she did, it was not limited to a specified time and consequently should have been accepted within a reasonable time. 13 C. J., Contracts, p. 297. The evidence shows that until 1941 defendant planned to marry plaintiff and mentioned it to her at frequent intervals. Such conduct is not consistent with acceptance of the offer of release within a reasonable time. Of course, we have only the plaintiff's evidence before us. Upon a retrial it may be established by other testimony that the offer was made and that it was accepted within a reasonable time.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

FOWLER, J., took no part.