## COHEN v. SCHREIBER.

(Supreme Court, Appellate Term. June 30, 1908.)

1. RELEASE—VALIDITY—MEETING OF MINDS—EVIDENCE.
     Where, in an action for breach of a contract of employment, defendant pleaded a general release, evidence that plaintiff was unable to read or write the English language, and that he was induced to sign the release under the belief that it was a receipt for money which defendant paid him for work performed under the contract, was admissible.

2. SAME—QUESTION FOR JURY.
     Where defendant pleaded a general release in discharge of a liability for breach of an employment contract, evidence *held* to require submission to the jury of the question whether the release was signed and delivered as a release, or whether it was obtained by fraud and misrepresentation.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 42. Release, § 114.]

Appeal from City Court of New York.

Action by Nathan Cohen against Isaac Schreiber. From a judgment of the New York City Court dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Manheim & Manheim, for appellant.
Jacob R. Schiff, for respondent.

SEABURY, J. This action was brought to recover damages for the alleged breach of a contract of employment. The answer admits the contract, and alleges that the plaintiff left the employ of the de-

fendant of his own accord, and that the plaintiff released the defendant from any and all obligations arising out of the contract of employment. The plaintiff proved the allegations of his complaint and admitted signing a paper, which was a general release to the defendant.

The plaintiff was unable to read and write English, and his counsel offered evidence to show that he was induced to sign the release under the belief that it was a receipt for money which the defendant paid him for work performed under his contract. The trial justice excluded this evidence, and sustained objections to questions the evident purpose of which was to show the circumstances under which the release was made and delivered. To all of these erroneous rulings counsel for the plaintiff duly excepted. Having excluded evidence offered to show that the release was obtained by fraud, and that it was signed by the plaintiff in the belief that it was a receipt, the trial court dismissed the complaint. The exclusion of this evidence and the dismissal of the complaint were errors which require the reversal of this judgment. Whether the release was signed and delivered as a release, or whether it was obtained as a result of fraud and misrepresentation, was a question of fact, which the court should have permitted the jury to determine. Grockie v. Hirshfield, 50 App. Div. 87, 63 N. Y. Supp. 365; Kelly v. Mayor, 16 App. Div. 296, 44 N. Y. Supp. 628; Creshkoff v. Schwartz, 53 Misc. Rep. 576, 103 N. Y. 782.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.