COLEMAN, Appellant, vs. HUNT and others, Respondents.

*May 26 — June 21, 1890.*

*Practice: Limiting trial to single issue: Judgment, upon whom binding.*

1. Where several defenses, including a former adjudication, are pleaded, the trial should not be confined to the issue as to such former adjudication.

2. A judgment is not binding upon a person not a party to the action and whose application to be made a party had been granted only upon conditions which the court had no right to impose and with which he refused to comply.

APPEAL from the Circuit Court for *Crawford* County.

Action to foreclose a mortgage. The separate answers of the defendants set up several defenses, including payment and a former adjudication of the matters mentioned in the complaint. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment dismissing the complaint.

For the appellant there was a brief by *Webster & Miller*, and oral argument by *D. Webster*.

For the respondents the cause was submitted on the brief of *Fuller & Ward*.

COLE, C. J. After the action of *Hunt v. Rooney, ante,* p. 258, had gone to judgment in the circuit court, the plaintiff commenced this action to foreclose his mortgage. All the defendants except Rooney answered, setting up the proceedings in the case of *Hunt v. Rooney,* and claiming that the judgment therein was a bar to this action. On the issues made by the pleadings the case came on for trial, and it appearing to the court, as the record in substance recites, that the matters set up by the defendants as a prior adjudication and in bar to the plaintiff's action might determine the entire controversy, the court decided

to hear the evidence bearing upon that issue first, and practically confined the trial to that issue alone, without going into the other issues.

It is obvious that the case was for trial upon the merits, and all competent testimony offered to prove the issues formed should have been received and considered. It was error to confine the trial, as was done, to the plea in bar. And in regard to that defense we will say that we are unable to understand how the adjudication in the suit of *Hunt v. Rooney* could conclude the plaintiff herein as to any facts. He was not a party to that suit, and his application to be made a party and try the issues therein involved was denied, except upon his complying with the terms which the court had no right to impose. True, we have held that he was an indispensable party to the accounting in that suit, because he claimed to be the owner of the mortgage debt, and therefore he should have been before the court; but he was not brought in in fact. He was not even served with process in that suit; had no opportunity to make a defense as to the facts there alleged on the part of the plaintiffs, except upon the condition we have stated. Consequently, we are at a loss to know what principle of law or justice can be said to bind him by the judgment in that case. It is a fundamental principle of our jurisprudence that a personal judgment only concludes the parties and their privies. It is true, here, the plaintiff claimed to have purchased the note and mortgage from Rooney; but that was long prior to the commencement of the suit of *Hunt v. Rooney.* He was not so identified in interest with Rooney, nor did he stand in any such relation to him as to be concluded by that litigation. It appears to us it would be monstrous to hold, under the facts and circumstances, that the plaintiff was bound by the judgment in that case. Still the learned circuit court did so decide, doubtless because it supposed or treated the case as though *Coleman* were a party. But such

was not the correct view of his position. *Denny v. Bennett,* 128 U. S. 490. He did not become a party, but declined to comply with the terms which the court imposed. He was certainly entitled to come in and defend as a matter of right, without terms, like any defendant to an action.

Some stress seems to be laid in the court below, and is pressed on the argument here, upon the fact that no assignment or transfer by Rooney of his interest in the mortgage debt to *Coleman* had ever been filed or recorded in the register's office; and hence it is assumed that *Coleman* should be deemed a purchaser *pendente lite,* and bound by the proceedings in the action of *Hunt v. Rooney,* to the same extent and in the same manner as if he were a party thereto, under the last clause of sec. 3187, R. S. But it does not appear that any written assignment was ever made by Rooney, though it is alleged in the complaint in this action that the note and mortgage were delivered to the plaintiff, and that he is the sole owner thereof. But the real facts, as to how and when the transfer was made by Rooney, or whether *Hunt* had notice thereof, could not be fully investigated in that case, and of course was not in this. As the court below held that the facts set forth in the plea of a former adjudication were proven, and that *Coleman* as well as Rooney was bound by the judgment in that case, that was conclusive of these questions. We think the court should have tried the whole case on the merits. Whether there is any fact which should estop the plaintiff from having a foreclosure of the mortgage, as against the defendants or either of them, can be more properly determined when all the evidence is before the court.

The judgment of the circuit court is reversed, and the cause must be remanded with directions to that court to try the case on the merits, unless the plaintiff should choose to come in and make his defense in the other action, in

which event any further trial in this case would be unnecessary.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to proceed in accordance with this opinion.