CHARRON, Appellant, vs. NORTHWESTERN FUEL COMPANY,
Respondent.

*October 4—October 25, 1910.*

*Negligence: Personal injuries: Validity of release: Separate trial of
that question: Evidence: Mental capacity.*

1. In an action for personal injuries caused by negligence, when the
   complaint seeks to avoid the effect of a release and the answer
   sets up the release in bar of the action, the trial court may in its
   discretion try the question of release first and separately, and
   may assume, for the purposes of such trial, that but for the re-
   lease plaintiff has a cause of action.
2. On the trial of such issue considerable latitude of inquiry should
   obtain, and evidence tending to sustain or impeach the release
   should not be excluded merely because it is also relevant upon
   the other branch of the case.
3. On such a trial it was error to exclude evidence tending to show
   the effect of plaintiff's injuries upon his mental capacity.
4. It was also error in such a case to limit cross-examination so as
   to exclude a question as to former admissions made by the wit-
   ness in conflict with his testimony and tending to show the
   mental incapacity of plaintiff.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

*Victor Linley,* for the appellant, cited, besides other cases,
*Coleman v. Hunt,* 77 Wis. 263, 45 N. W. 1085; *Lusled v. C.
& N. W. R. Co.* 71 Wis. 391, 36 N. W. 857; *Sheanon v. Pa-
cific Mut. L. Ins. Co.* 83 Wis. 507, 53 N. W. 878; *Albrecht
v. M. & S. R. Co.* 94 Wis. 397, 69 N. W. 63; *Jackowski v.
Ill. S. Co.* 103 Wis. 448, 79 N. W. 757; *Ball v. McGeoch,* 81
Wis. 160, 51 N. W. 443; *Wickham v. South Shore L. Co.* 89
Wis. 23, 61 N. W. 287; *Gunther v. Ullrich,* 82 Wis. 222, 52
N. W. 88; *Klochinski v. Shores L. Co.* 93 Wis. 417, 67 N.
W. 934; *Gehl v. Milwaukee P. Co.* 116 Wis. 263, 93 N. W.
26; *Allen v. Griffin,* 69 Wis. 529, 35 N. W. 21; *Bauer v.
Richter,* 103 Wis. 412, 79 N. W. 404.

For the respondent there was a brief by *Frank A. Ross,* attorney, and *Howard T. Abbott* and *Alf. E. Boyeson,* counsel, and oral argument by *Mr. Abbott.* Among other authorities, they cited *Schmitt v. N. P. R. Co.* 120 Wis. 397, 98 N. W. 202; *Brown Co. v. Van Stralen,* 45 Wis. 675; *Coggswell v. Davis,* 65 Wis. 191, 26 N. W. 557; *Bush v. Maxwell,* 79 Wis. 114, 48 N. W. 250; *Lepley v. Anderson,* 142 Wis. 668, 125 N. W. 433; *Sieber v. Amunson,* 78 Wis. 679, 47 N. W. 1126; *Hughes v. C., St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897; *Johnson v. St. Paul & W. C. Co.* 126 Wis. 492, 105 N. W. 1048; *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231; *Zoesch v. Flambeau P. Co.* 134 Wis. 270, 114 N. W. 485.

Timlin, J. The appellant brought this action to recover for personal injuries occasioned by the negligence of defendant on May 27, 1907. In his complaint he averred the facts tending to show the negligence of the defendant and the injury to plaintiff, and further that in July, 1907, the defendant by fraud and duress obtained from the plaintiff a release in writing of this right of action, and that the plaintiff was insane at the time and wholly incompetent to make any contract whatever. He asked that the $280 received by his wife for this release be credited upon the verdict or judgment and that the release be declared null and void and canceled, and that he have judgment for his damages. The answer contained denials meeting the essential parts of the complaint, but also averred this release of July, 1907, in bar of the plaintiff's action. When the case came on for trial the circuit court ordered that the issue relating to this release be first separately tried, to which ruling the plaintiff excepted. The plaintiff assumed the affirmative on this question, and, after offering some evidence relating to the severity of his injuries and some evidence relating to his mental condition re-

sulting from such injuries, took the stand and was examined and cross-examined at great length. His testimony was to the effect that he had no recollection of any settlement made or attempted to be made, or of receiving any money, or of any persons having come there and attempted a settlement. The defendant then offered evidence of three persons who testify that they went to the plaintiff's house on July 9, 1907, found him sitting up or reclining on a bed, able to converse and take part in negotiations for a settlement, relate what was said and done, and produce a release in sufficient form whereby the plaintiff, in consideration of $280, compromised his claim against the defendant and released and discharged the defendant from all liability by reason of plaintiff's injuries; also a check or draft for $280 payable to the order of plaintiff and indorsed by plaintiff and his wife. No special verdict was requested by either party and the court submitted to the jury this question: "Was the plaintiff on the 9th day of July, 1907, mentally incompetent to make a settlement with the defendant?" The jury answered "No." Judgment went for defendant on this verdict.

There was no error in the proceedings up to this point. Perhaps the question submitted to the jury would have been clearer had the inquiry related to the competency of the plaintiff instead of to his incompetency, but this is no reversible error. It was within the discretion of the court below to try the question of release first and separately. For the purposes of trying such question it may be assumed on such trial that but for the release plaintiff had a right of action. But upon the trial of such issue the evidence should not be unduly restricted, and all competent evidence should be admitted bearing upon the question, even though it also bore upon the other question in the case not yet for trial. The general language used by Cole, C. J., in *Coleman v. Hunt,* 77 Wis. 263, 45 N. W. 1085, must be limited to the issues raised in that particular case. Those in the case at bar are

not cognate. It is difficult to ascertain and determine the scope of a former adjudication without an inquiry into the nature and details of the cause of action sought to be foreclosed thereby. It was at common law found necessary to dispose of pleas separately from purely defensive matter, and, while the technicalities of that system have been swept away, the conditions which gave rise to such technicalities are ever present in forensic controversy and must be met by some practical rule. There was no error in trying the question of release first and separately. We find no error in the instructions. There was evidence sufficient to support the verdict of the jury.

This disposes of all the errors assigned except those relating to the rulings on the evidence. It is said the court erred in refusing to admit in evidence the deposition of Mr. Gibson, the superintendent of defendant, taken under sec. 4096, Stats. (1898). The exception to the ruling excluding this deposition was well taken. The deposition should have been received had it contained anything material in the way of admissions, but we do not find that it contained anything tending to show that the plaintiff was incompetent to contract, but rather the contrary. The error was therefore not prejudicial. There was no error in refusing to admit in evidence the deposition of Dr. Spears, because the doctor was produced and examined as a witness in court. Dr. Lamson, who attended the plaintiff immediately after the injury and from thence until the 19th or 20th of June, when he left the town temporarily for ten days or more, was asked whether the symptoms present would show that the plaintiff had sustained a fracture of the skull. His evidence was excluded, apparently upon the ground that whether or not the skull was fractured was a matter of fact which an examination of the skull would disclose absolutely. This was error. The respondent contends that it was admitted that the plaintiff sustained a fracture of the skull, also proven by other physicians.

This goes to the point that the appellant was not prejudiced by the ruling. We think that under such circumstances no prejudice calling for a reversal is shown. But there were several rulings of this nature. Dr. Andrus was asked: "Can you tell what the probable effect is upon the mental condition of a person who suffers a fracture of the base of the skull?" Also: "Does a fracture at the base of the skull affect one's mind?" Also: "What do you find to be his present condition?" These questions were objected to and the objections sustained. Also on cross-examination of defendant's witness Posey he was asked: "Did you tell me this: 'His mind was weak, he talked right for a while and all at once he would go off?'" It thus appears that, after narrowing the issues by trying the question of release separately, the trial court excluded evidence bearing directly on that issue and restricted relevant cross-examination bearing directly thereon. The case presents some extraordinary features in this respect. If it could be shown that the effect of a fracture of the skull at this particular place would be to produce a loss of memory, apparent power of conversation and discernment, but at the same time marked incapacity for judgment or reflection, the evidence might be very pertinent to the issue submitted to the jury. The exact location of the fracture is not described otherwise than as at the base of the skull. No other evidence sufficient to take the place of this excluded evidence is pointed out to us. If rulings on evidence are not prejudicial when the evidence excluded goes to the very question at issue and leaves the party without evidence of the kind excluded on this very point, it is hard to imagine a case of prejudicial error. For these rulings on evidence the judgment must be reversed.

*By the Court.*—Judgment reversed, and the cause remanded for a new trial.

VINJE, J., took no part.