(92 Misc. Rep. 710)

## O'DONNELL v. THOMPSON–STARRETT CO.

(City Court of New York, Trial Term.   December 12, 1915.)

1. TRIAL ⬥⟶4—SEPARATE ISSUES—PERSONAL INJURIES—RELEASE.
    In a suit for personal injuries, it was a proper exercise of the court's discretionary power to separate and try issues separately, as provided for by Code Civ. Proc. § 973, to separate and try first the issue of the validity of a release for such injuries executed by plaintiff.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. ⬥⟶4.]

2. RELEASE ⬥⟶55—VALIDITY—BURDEN OF PROOF.
    The burden of proof is upon the party relying on a release to establish its validity.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 94–100; Dec. Dig. ⬥⟶55.]

3. EVIDENCE ⬥⟶94—BURDEN OF PROOF—RELEASE.
    On the introduction of the release in evidence, a presumption of its validity arises, discharging the burden of proof to establish such validity by the party relying on the release, and shifting the burden of going forward with the evidence to the party executing the release to show its validity.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 116, 117; Dec. Dig. ⬥⟶94.]

4. RELEASE ⬥⟶13—ADEQUACY OF CONSIDERATION.
    Where plaintiff knowingly executed a release of his right to compensation for personal injuries against his employer, the fact that subsequent events show the consideration received therefor to be inadequate as compensation for the injuries received is not sufficient ground for avoiding a formal and voluntary contract of release.
    [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 21–27, 29; Dec. Dig. ⬥⟶13.]

Action by Eugene O'Donnell against the Thompson-Starrett Company.   Verdict in favor of defendant, with motion for a new trial by plaintiff, on grounds of Code Civ. Proc. § 999.   Motion denied.

Francis X. McCollum, of New York City (Raymond B. Stringham, of New York City, of counsel), for plaintiff.

Amos H. Stephens, of New York City (Albert E. Dacy, of New York City, of counsel), for defendant.

FINELITE, J.   The jury found a verdict in favor of the defendant. The plaintiff thereupon moved for a new trial on the grounds stated in section 999 of the Code of Civil Procedure.

[1] The motion for a new trial is predicated upon the question whether or not a general release executed by the plaintiff for the consideration mentioned therein was not a release of the plaintiff's cause of action.   It appears from the facts herein, as contended by the plaintiff, that about the 21st day of May, 1914, while the plaintiff was in the employ of the defendant as an iron worker on the erection of the new Equitable Building in the city of New York, while he was performing his work about or at the fifth floor of said building, putting in filler plates, a coservant furnished by the defendant, being

unskilled and unlearned in and about his work, and while using a maul or hammer, striking upon the filler plate, was caused to miss his aim, and the handle of the maul struck against an iron column and broke, and the hammer or the head of the maul struck plaintiff and caused him serious injury. The defendant denies these facts, and alleges as a further defense that any injuries which the plaintiff may have sustained at the time and place mentioned were caused by his own carelessness and negligence, and in no way by negligence on the part of this defendant, and that the risk and dangers in connection with the situation at the time and place mentioned were open, obvious, and apparent, and were known to and assumed by the plaintiff herein; and for a further defense the defendant alleges that on or about the 22d day of May, 1914, upon claim made by this plaintiff against this defendant for damages on account of personal injury alleged to have been sustained by him at the time and place mentioned, the defendant paid to the plaintiff the sum of $10 in full settlement of the said claims; that thereupon the plaintiff, for and in consideration of the said payment of the sum of $10, released and discharged under seal this defendant from all claims by and under the said payment of $10 by the defendant to the plaintiff, and the execution of the said release of all claims by the plaintiff to the defendant plaintiff herein has accepted and had acknowledged full accord and satisfaction of any and all claims and causes of action arising out of the matters and transactions had between them. On the trial hereof a separate hearing upon the release issue was litigated at the request of the defendant, and the court in its sound discretion vested in it granted the application of the defendant, and that issue was the issue tried preliminary to the trial of the action upon its merits and resulted in a verdict in favor of the defendant.

The plaintiff does not seriously contend that the court had not the right to try the release issue in the action as preliminary to the trial of the action on its merits. It has been held that the court does not abuse its discretionary power by so ordering the trial to proceed. Section 973, Code of Civil Procedure, provides "that the court in its discretion may order one or more issues to be separately tried prior to any trial of the other issues in the case." This is supported by authority such as Warner v. Star Co., 162 App. Div. 458, 461, 147 N. Y. Supp. 803, and Piuntosky v. Harrington's Sons Co., 167 App. Div. 117, 123, 152 N. Y. Supp. 902, in segregating the trial of "a release" from the "negligence issue." On the trial hereof the plaintiff testified that after executing the general release he continued his labor as a structural iron worker every working day, beginning with May 22d and ending on June 5th, when his services were no longer required, and then later claimed that he sustained injuries for which he brought this action. There was no question as to the execution and delivery of the said instrument and the receipt of the $10. Plaintiff contends, further, that said $10 was paid to him because he received an injury and he thought it was wages. This contention rests upon uncorroborated testimony of the plaintiff, in contradiction of the terms of the release and of the positive testimony of a witness on

behalf of the defendant, who procured the release and who paid the plaintiff for the execution thereof. On the trial hereof the plaintiff read the release from the commencement down to his own signature. He knew at the time when he signed the paper, as he calls it, that it was a release releasing the defendant from all liability as in the language therein contained. The jury, after hearing the evidence in the case, concluded therefrom that plaintiff was cognizant of the fact that he did release the defendant from all liability, and thereupon found a verdict in favor of the defendant upon that issue.

[2, 3] The plaintiff sought to avoid the effect of the release by evidence of a direct fraud in the execution of the instrument. This raises a different issue than the question of collateral fraud in the inducement; the plaintiff further stating that he intends to rely solely on the issue of direct fraud. In answer to this proposition it has been stated in 34 Cyc. 1067:

"By the early common law, if the fraud inhered in the execution of the sealed release, it might be shown in an action at law under a replication of non est factum; but, if the releasor intended to execute the instrument he in fact executed, although he was induced so to do by a misrepresentation or fraudulent representation as to collateral facts, or as to the nature and value of the consideration, he could secure relief only in equity."

This is supported by Ambellan v. Barcalo Mfg. Co., 118 App. Div., 547, 549, 102 N. Y. Supp. 993; Creshkoff v. Schwartz, 53 Misc. Rep. 576, 579, 103 N. Y. Supp. 782. In 34 Cyc. at pages 1069 and 1070, Fleming v. Brooklyn Heights R. R., 95 App. Div. 110, 88 N. Y. Supp. 732, recognizes that in order that strictly equitable issues be tried at law a statutory practice must provide for such unprecedented action. It is true, while the burden of proof to establish the release rests upon the defendant, yet after it was offered in evidence an assumption of its validity arises. While such burden of proof did not change, yet the burden of going forward with evidence shifted to the plaintiff. Griffith v. American Bridge Co., 157 App. Div. 264, 268, 142 N. Y. Supp. 199; Meginn v. Ramsdell, 163 App. Div. 232, 233, 148 N. Y. Supp. 415; Piuntosky v. Harrington's Sons Co., supra. The jury having found a verdict in favor of the defendant on the only issue litigated, to wit, the general release, thereby held that the plaintiff had relinquished any claim that he may have had in damages for the alleged injuries received. 34 Cyc., 1068; Warner v. Star Co., supra.

[4] The contention of fraud as claimed by the plaintiff is the inducement to sign the release believing that he was signing a receipt for wages. This question was litigated before the jury and the plaintiff allowed to tell his story in what manner the release was procured from him and the consideration received therefor. The plaintiff could read the English language, and read the release in open court before the jury, admits signing it, and knew at the time that he signed it as to its contents. The serious question, which no doubt is in the mind of the plaintiff, is the inadequacy of the amount received for the execution of the release; but, as the court has said, irrespective of whether the amount is inadequate, courts therefore will

not interfere to annul the compromise of a pending litigation evidenced by a sealed instrument, unless evidence that an unfair advantage has been taken by one party over the other. The mere fact that in the light of subsequent events one party has been benefited at the expense or detriment of the other is not sufficient to nullify an adjustment made by the parties willingly and knowingly. Isham v. Erie R. R., 112 App. Div. 612, 98 N. Y. Supp. 609. In Warner v. Star Co., supra, which was also an action to recover damages after a release was executed the court in the course of writing the opinion said at page 460 of 162 App. Div., at page 804 of 147 N. Y. Supp.:

"We think that it must now be deemed settled that although this is an action at law, and the relief sought by plaintiff from the effect of this release is based upon purely equitable grounds, that issue may be tendered and determined in this action" (citing authorities).

In avoiding the release plaintiff could have replied. It would then be properly an issue in this action to recover for personal injuries. "If said reply states facts sufficient to avoid a release which plaintiff admits that he executed and delivered, receiving the money consideration named therein, this seems to us peculiarly a case where a separate issue as to the validity of this release should be first tried," and thus "will end the litigation and render a trial upon the merits unnecessary." Smith v. Western Pacific R. R., 144 App. Div. 180, 128 N. Y. Supp. 966; Pemberton v. McAdoo, 149 App. Div. 20, 133 N. Y. Supp. 627. The danger which may result from attempting to try all of the issues at one time is that evidence upon defendant's negligence, or plaintiff's freedom from contributory negligence, may create an atmosphere which shall produce an unconscious influence upon the triers of fact as to the entirely separate and distinct issue of the validity and sufficiency of this release. It may be doubted whether the fact, if it prove to be the fact, that when plaintiff executed this release both he and the defendant were ignorant of the full extent of his injuries, would have any effect upon the validity thereof if he intended thereby to release his entire cause of action, whatever it was (Kirchner v. N. H. S. M. Co., 135 N. Y. 182, 31 N. E. 1104; Walbourn v. Hingston, 86 Hun, 63, 33 N. Y. Supp. 117. If it be the fact that defendant has broken its contract as to future employment of the plaintiff, this may give him a cause of action for damages for breach of such contract without in any manner affecting the validity of the release of his original claim. Kent v. Standard Oil Co., 138 App. Div. 501, 122 N. Y. Supp. 1047. The release as executed presumptively is valid, and there was not sufficient proof in this case to warrant a jury in finding that the settlement was not honestly made and the terms of the release fairly comprehended.

The motion for a new trial must therefore be denied, with an exception to the plaintiff, with 10 days' stay of execution and 30 days to make a case, if he is so advised. Settle order on one day's notice.