(93 Misc. Rep. 453)

WIEDERMAN v. VERSCHLEISER.

(City Court of New York, Trial Term. January, 1916.)

1. COURTS ⟨⊙⟩188(3)—CITY COURTS—JURISDICTION—EQUITABLE CLAIM.

Where a real estate broker had entered into a written contract for compensation, providing for a waiver of commissions should the parties to the contract of sale fail to close the title or default in performance, a claim by the representatives of the broker for commissions notwithstanding failure to close the contract of sale, on the ground of fraud in procuring the broker to sign the contract for compensation, was not within the jurisdiction of the City Court of the City of New York, since it has no jurisdiction to set aside, reform, or rescind the brokerage agreement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. ⟨⊙⟩ 188(3).]

2. CANCELLATION OF INSTRUMENTS ⟨⊙⟩32—REMEDIES—EQUITY.

Where a party signing an instrument is induced to execute it by misrepresentation as to collateral matters, or as to the nature and value of the consideration, resort must be had to a court of equitable jurisdiction for relief.

[Ed. Note.—For other cases, see Cancellation of Instruments, Dec. Dig. ⟨⊙⟩32.]

⟨⊙⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Morris Wiederman against Max Verschleiser. On motion for new trial after judgment for defendant. Denied.

Harry Stackell, of New York City, for plaintiff.

Moses Esberg, of New York City, for defendant.

LA FETRA, J. This action is brought to recover commissions alleged to have been earned by the decedent, as broker, in bringing the defendant and the Harthill Realty & Mortgage Company together upon the terms of a contract for the sale of certain leased premises. The complaint failed to disclose whether the brokerage contract was oral or in writing. The defendant, as an affirmative legal defense, set up an agreement in writing and under seal. In the opening it was conceded decedent executed said last-mentioned agreement, and a written contract for the sale of the premises had been entered into between the defendant, as vendor, and the Harthill Realty & Mortgage Company, as vendee. It was also admitted the contract for sale had not been performed and title closed in conformity with the terms thereof. The brokerage agreement provides for a waiver of commissions, should the contract for sale be made and the parties thereto fail to close the title or default in the performance thereof. The plaintiff then claimed the contract was obtained from the decedent by fraud and through false misrepresentations, and the original oral contract theretofore existing between the parties was revived; that decedent was induced to sign the agreement, as it was represented the contract of sale had not been executed, whereas, in fact, it had already been executed. The court ruled it was without affirmative equitable jurisdiction to set aside, reform, or rescind said written brokerage agreement, and dismissed the complaint.

[1] The City Court of the City of New York is an inferior local court, with limited powers, and without equitable jurisdiction except in certain cases, for example, the foreclosure of mechanics' liens. It may determine an issue interposed by way of equitable defense to defeat actions over which it has jurisdiction. It is without power to set aside, reform, or rescind agreements, good in law, entered into between parties. Here the brokerage agreement is the basis and foundation of the action, and was solemnly executed in writing. It can only be changed by a court having equitable jurisdiction. The cases cited by the learned counsel for the plaintiff involving the question at issue were brought in a court having general equitable jurisdiction and do not apply. In the "release cases" relied upon, the instrument sought to be avoided purported to discharge a prior obligation and was not the basis of the cause of action. The defenses were interposed to prevent recovery. To counteract the effect of the releases, claims of fraud were made. It was asserted the fraud was inherent in the execution of the instrument; that the signer of the instrument was deceived into signing it by the belief that he was signing something other than that which he did really sign, as, for instance, that the instrument was misread to the party signing, or that there was a surreptitious substitution of one paper for another, or that by some trick or device the party was made to sign an instrument which he

did not intend to execute, or that the nature of the instrument signed was not fully understood by the party signing it.

[2] But where a party signing an instrument is induced to execute it by a misrepresentation as to collateral matters, or as to the nature and value of the consideration, resort must be had to a court of equity for relief. In such cases the party fully understands and is aware of the nature and character of the instrument executed by him, but is deceived by fraudulent representations as to facts outside of the instrument itself. Chicago City R. Co. v. Uhter, 212 Ill. 174, 176, 72 N. E. 195; 34 Cyc. 1068; O'Donnell v. Thompson-Starrett Co., 92 Misc. Rep. 710, 156 N. Y. Supp. 342; Lynch v. Dowling, 1 City Ct. R. 163. Motion for a new trial is denied.

Motion denied.