STEPHANIE DEKLEROW, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Respondent.— Order denying motion to strike out the affirmative defenses in the answer in an action to recover on a life insurance policy affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

DORIS FONVILLE, an Infant, by FRANCES FONVILLE, Her Guardian ad Litem, Appellant, v. IRVING POULTRY CO., INC., and JOSEPH SIMON, Respondents.— Appeal by plaintiff in a negligence action from order granting defendants' motion for a separate and prior trial of the issue raised by the defense of a general release. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. When the settlement was made and the release was given by plaintiff for the comparatively small amount, the plaintiff and her physicians were unaware of the serious physical condition which subsequently developed, presumably as a result of the alleged injuries. Under such conditions, separate trials have not been granted. (*McGurty* v. *Delaware, L. & W. R. R. Co.*, 172 App. Div. 46; *Schoenbaum* v. *Reimer*, 184 id. 944; *Romania* v. *Lamport & Holt, Ltd.*, 207 id. 861.) Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur. [See *ante*, p. 526.]

WALTER W. GUNTHER, Respondent, v. AMERICAN LABEL CO., INC., Appellant. (Appeal No. 1.) — Order, in an action for commissions by a salesman against his employer, denying defendant's motion to vacate judgment as if upon a default and to modify an order dated July 16, 1934, under which it was held in contempt, reversed on the law and the facts, without costs, motion to vacate judgment granted and the defendant permitted to purge itself of contempt upon condition that within five days from the entry of the order herein it pay respondent $250 and submit, through its president, to examination under an order heretofore obtained by plaintiff; examination to proceed on five days' notice; otherwise, order affirmed, with ten dollars costs and disbursements. The order appealed from was proper in so far as it denied defendant's motion to vacate or change the order of any judge of co-ordinate jurisdiction. However, the situation herein was such that the defendant should have been accorded relief from the consequences of its attorney's ineptitude and the confusion arising from a situation that may or may not have involved some degree of contumacy on the part of the defendant. The interests of justice required this and the court was not without power to accord relief on the theory that the judgment which defendant sought to have vacated had been entered against the defendant under circumstances involving defendant's " mistake, inadvertence  *  *  *  or excusable neglect " (Civ. Prac. Act, § 108) and under the inherent power of the court to avoid a miscarriage of justice (*Ladd* v. *Stevenson*, 112 N. Y. 325; *Hatch* v. *Central National Bank*, 78 id. 487), which theory, authorizing action by the Special Term, was not brought to its attention. This court, in order to avoid remitting the matter to Special Term to hear anew with the three disputed affidavits before it, pursuant to concession on argument, has acted upon the record on the theory that the affidavits are properly before the court on a motion made in accordance with the rules; that is, this court now does that which the Special Term was free to do in the first instance under the theory indicated. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur. [See, *post*, p. 529.]