Russell Wood, Appellant, v. A. Hagaman & Co., Inc., Respondent.— Appeal from an order severing issues and directing a separate trial of one issue before the court without a jury. The complaint states a cause of action for negligence. The answer, *inter alia*, as a defense pleads a release. The issue stated by this defense is triable by a jury. The orderly disposal of this action would require that the issues be disposed of in one trial by a jury. (*Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285, 294.) Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Hill, P. J., Rhodes, Crapser and Heffernan, JJ., concur; McNamee, J., dissents and votes to affirm the order, on the ground that the release is a complete bar to the action; and the plaintiff admits in his reply that the release was executed, delivered and received, and that the $2,500 was paid to the plaintiff, all in good faith. The plaintiff now is standing on that same release and insisting upon it, and retaining the money he received thereunder because it is a valid release. The only contention of the plaintiff, as against this release, is that the release should have contained exclusions or other terms at the time of execution, because at that time he did not know all of the injuries from which he says he suffered. The defendant does not admit mistake on its part. Proof of other conditions, in the absence of fraud, deception or duress, when only one party was mistaken, would not be admissible in evidence to change the terms of the written agreement, under the parol evidence rule. Accordingly, the plaintiff is not in a position to attack the release by evidence at this time (*Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285, 296). By section 443 of the Civil Practice Act, a separate trial of one or all the issues of fact may be directed by the court, in its discretion. In view of the allegations and admissions in the pleadings, the court not only had the power to make the order, but exercised a sound discretion in doing so. The plaintiff has not offered to return the money received, nor does he ask in his reply a modification of the settlement. And if that agreement as evidenced by the writing is not modified, there is nothing to try.