WILLIAM SPENCER, Respondent, v. STACY R. HUNT, Appellant, Impleaded with CLARENCE E. HOGAN, Defendant.

Fourth Department, April 1, 1936.

*Bond, Schoeneck & King* [*Robert E. Dineen* of counsel], for the appellant.

*Farnham & Martineau* [*Walter F. Martineau* of counsel; *Donald V. Carr* with him on the brief], for the respondent.

CROSBY, J.   Plaintiff sued both defendants, claiming he was injured by their joint negligence.   Both defendants answered, the defendant Hunt alleging, among other defenses, that plaintiff gave him a general release in consideration of the payment of $300. Plaintiff, in a reply, alleged that the release was obtained, by an agent for the insurer of defendant Hunt, under a mutual mistake of fact and by means of fraudulent representations.   Defendant Hunt made a motion for a separate trial of the release issues.   From an order denying the motion, this appeal is taken.

We think the motion should have been granted.   To be sure, the matter is addressed to the sound discretion of the court.   (Civ. Prac. Act, § 443; Rules Civ. Prac. rule 108; *McGurty* v. *Delaware, L. & W. R. R. Co.*, 172 App. Div. 46.)

The opinion in the *McGurty* case warns against the notion that an issue, concerning a release in a negligence case, is necessarily a signal for a separate trial.

It has also been said that where the two trials would necessarily be a duplication of the trial of the same issues, a separate trial of the release issues should not be had.   (*Romania* v. *Lamport & Holt, Ltd.*, 207 App. Div. 861.)   (See, also, *Fonville* v. *Irving Poultry Co., Inc.*, 243 App. Div. 528.)

The case of *Warner* v. *Star Co.* (162 App. Div. 458) is a case like the instant case, where the release was claimed to have been procured through mutual mistake of fact and fraud, and it was a negligence case.   The court held that, while the issues of the main case and the release issues could all be tried out in one action, without relegating the plaintiff to an equity action to set aside the release, still it was proper to try the release issues in a separate trial.   And the court there reversed an order of the Special Term denying a separate trial.   The court said: " The danger which may result from attempting to try all of the issues at one time is that evidence upon defendant's negligence, or plaintiff's freedom from contributory negligence, may create an atmosphere which shall produce an unconscious influence upon the triers of fact as to the entirely separate and distinct issue of the validity and sufficiency of the release."

And, *vice versa*, the danger is equally clear that evidence relating to the release, alleged, as here, to have been procured by fraud, may unduly influence the jury in deciding whether or not defendant was guilty of negligence in causing plaintiff's injury.   This is particularly true where, as here, the release is written right into a check given by and bearing the name of an insurance company, and necessarily there is a diversity of interest between the appellant and his codefendant.   Moreover, appellant should not be preju-

diced by any possible misconduct of his insurer, over whose actions he had no control nor by the possible intimation that liability has been admitted. It may be that the insurance is inadequate to cover such verdict as may be obtained against appellant.

It would be fruitless to review all the cases that have dealt with this question, but from all of them the rule evolves that plaintiff should not be put to the burden of two trials unless there is serious danger of prejudice to defendant in having to try the main issues in the case and the release issues at the same time before a single jury. For the reasons stated we think such danger exists here.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur, except TAYLOR and THOMPSON, JJ., who dissent and vote for affirmance on the authority of *Fonville* v. *Irving Poultry Co., Inc.* (243 App. Div. 528); *Romania* v. *Lamport & Holt, Ltd.* (207 id. 861). Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted for a separate jury trial, with ten dollars costs to abide the event.