SADIE WINOKUR, Respondent, *v.* QUAKER CITY BUS CO., INC., and QUAKER TRANSPORTATION CO., Appellants.

First Department, November 4, 1938.

*Henry P. Goldstein,* for the appellants.

*Abraham Kantor* of counsel [*Feuer, Kantor & Feuer,* attorneys], for the respondent.

PER CURIAM. In this Department there is no fixed general rule as stated at Special Term that a separate trial of issues in a negligence action raised by the defense of a release should not be had. Motions for such relief should be denied in those cases where a trial of the issues relating to the release will necessarily involve much, if not all, of the same evidence relating to the main issues of negligence, contributory negligence and damages, and hence, would result, if plaintiff were successful on a separate trial, in having two trials on practically the same issues. Separate trial of the issues raised by such a defense in the exercise of a sound discretion should otherwise be granted for the reasons well expressed in *Piuntkosky* v. *Harrington's Sons Co.* (167 App. Div. 117, 123) and *Warner* v. *Star Co.* (162 id. 458, 462).

In the present case the issues raised by the plea of release will not involve, we think, the same issues or evidence as would be presented by the main issues.

It follows, therefore, that the motion of the defendants for a separate and prior trial of the defense of general release should have been granted. (*Langone* v. *Gaetjens, Berger & Wirth, Inc.*, 248 App. Div. 591.)

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion for separate and prior trial of the defense of general release granted.

Present — MARTIN, P. J., O'MALLEY, GLENNON, UNTERMYER and COHN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.