Henry A. Hudson, J.
This is a motion by the defendants for an order directing the separate and prior trial of the issue raised by the defendants in their answer, that the plaintiff had executed and delivered a general release of her claim against the defendants prior to the institution of the action.
The plaintiff instituted the action to recover for personal injuries which she claims to have received while roller skating upon the premises of the defendants. This is denied by the defendants who set up in their answer the separate defense that the plaintiff had executed and delivered a general release for a consideration of $25. The plaintiff in her answering affidavit, asserts that the release was executed by her three days after the accident while she was confined to her home and in extreme pain; that a man whom she later learned to be the attorney for the defendants, offered her a paper to sign which she did not read and which he represented to her to provide *770 for the payment of her doctor hills and the sum of $25. The accident occurred August 6, 1956. The plaintiff states that the first knowledge she had that her doctor bills had not been paid came in 1957. There is no claim by the plaintiff that she sustained any extraordinary injury or in fact any injuries that she was not aware of at the time she signed the paper, which turned out to be a release, and that she was defrauded by the defendant’s attorney in that his representation that the doctor bills would be paid was not carried out. The plaintiff does not state that she was mentally or physically incapacitated so that she could not read or understand the paper she signed, merely stating that she did not read it.
The plaintiff contends that she will be prejudiced by a separate trial of the issue of the validity of the release and that the issues involved in the trial of her action for injuries would be duplicated upon the trial of the issue of the validity of the release, particularly that her physician would have to testify in each case and that she would have to divulge the evidence necessary to establish her action for personal injuries in the prior trial.
The defendant contends that the trial of the issues involved in the question of the validity of the release may well terminate the entire litigation and render a trial on the merits of the personal injury action unnecessary and that a trial of both issues in the same action would be detrimental to the defendant particularly in view of the fact of the allegation by the plaintiff of fraud upon the part of the defendant in obtaining the release and that the jury might well be prejudiced in considering the issues involved in the personal injury action in the light of the testimony as to payment for the plaintiff’s medical expenses and the negotiations leading up to the execution of the release.
The right of the court to order a separate trial of issues raised by affirmative defenses is covered by subdivision 3 of section 443 of the Civil Practice Act. The matter is one which is left by statute to the discretion of the court. It has been my observation that frequently a trial of a separate issue based on an affirmative defense of the execution of a release will determine the entire litigation. Both parties have submitted numerous authorities and there are many decisions in which the question has been decided either way.
Smith v. Western Pacific Ry. Co. (203 N. Y. 499) wherein the court stated (pp. 504-505): “As a matter of convenience the court may order some issues to be tried before others are taken up [Code Civ. Pro., § 973, now Civ, Prac, Act, § 443) * * * *771 it is at once apparent that the convenience of litigants may be much promoted by a prior trial of various jurisdictional and preliminary issues, and it is to be presumed that courts will so administer the provision in question as to make it remedial and beneficial rather than burdensome.” (See, also, Warner v. Star Co., 162 App. Div. 458, 461-462; Spencer v. Hunt, 247 App. Div. 503; Dienstag v. Kiameshia-Concord, 283 App. Div. 736; Balaka v. Stork Restaurant, 286 App. Div. 1018.)
The difficulty for a jury in keeping separate the issues in a negligence action from those involved in the validity of a general release is well stated in Burton v. Niagara Mohawk Power Corp. (280 App. Div. 356, 357): “ We think it would be a difficult task, even with careful judicial supervision, to keep the jury’s attention focused on the first issue [release] if the second issue of damages were fully developed on the same trial and there would be a tendency by a jury to submerge the issue of the release in passing on the general question of negligence and damage.” The plaintiff has not satisfied me upon this application that she has a strongly meritorious defense to the validity of the general release. It is true that she claims she was defrauded, but the extent of her damage by reason of the fraud, as I read her affidavit, is that her doctor bills in the sum of $125 were not paid. I believe that the court’s discretion should be exercised to determine the trial of the issues raised by the defense of the general release. If the plaintiff is correct in her position, the release will be set aside and she will be able to proceed with the main issue involved in the action.
Order in accordance with the above decision may be submitted, without costs.