■ AMEDEO VASTOLA et al., Appellants, v. SAL CANARIATO et al., Respondents.— In an action to recover damages for injuries to person and property arising out of a collision between two motor vehicles, the appeal is from an order granting a motion to vacate a judgment entered after inquest, upon payment of costs and disbursements taxed in the judgment, and restoring the action to the Trial Calendar on proof of said payment. Order modified by inserting the words "and upon the completion of the examination before trial of the defendant Joseph Canariato" after the words "the judgment" in the first ordering paragraph, and after the word "disbursements" in the second ordering paragraph. As so modified, order affirmed, with $10 costs and disbursements to appellants. The examination is to proceed on five days' notice. There was no prejudice to appellants by the failure of respondent Joseph Canariato to appear for the examination before trial. In his answer, said respondent admitted that he owned one of the motor vehicles involved in the collision and had given his son, respondent Sal Canariato, permission to drive that motor vehicle. The default was not so clearly deliberate and contumacious as to justify the extreme and drastic relief of striking out the answer (*Levine* v. *Barricini,* 278 App. Div. 801; *Kallus* v. *Sadacca,* 6 A D 2d 815). While there had been prior determinations in this action holding that respondent Joseph Canariato was in default in not appearing for examination before trial, and in refusing to move to vacate the default, the Special Term was not without power to grant the motion to vacate the judgment which had been entered after the prior determinations were made (see, e.g., *Gunther* v. *American Label Co.,* 243 App. Div. 528) in the absence of an objection by appellants to the consideration of the motion on the merits by said Special Term. At said Special Term, appellants referred to the prior determinations, but they did not challenge the right or power of the Special Term to pass on the merits of the motion, nor did they request that the motion be referred to any of the Justices who made the prior determinations. However, the Special Term should not have granted the motion without requiring respondent Joseph Canariato to submit to examination, in accordance with the prior determinations. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.