289 S.E.2d 729

**Edith Bell ANDERSON**

v.

**Eugene F. McDONALD and Omaha Indemnity Company, a Corporation.**

**No. CC929.**

Supreme Court of Appeals of West Virginia.

March 26, 1982.

Madden, Hughes & Whorton and G. Charles Hughes, Moundsville, for plaintiff.

Bachmann, Hess, Bachmann & Garden and George E. McLaughlin, Wheeling, for defendants.

McHUGH, Justice:

This action is before this Court upon two certified questions from the Circuit Court of Marshall County, West Virginia. The certified questions were docketed by this Court by order entered on November 3, 1981.[1] The questions involve the joinder of an insurance company as a party in a negli-

---

1. *See W.Va. Supreme Court R.App.P.* 13 and  *W.Va.Code*, 58–5–2 [1967].

gence action. This Court has before it all matters of record and the briefs filed by counsel.

In August, 1980, the plaintiff, Edith Bell Anderson, filed an action in the Circuit Court of Marshall County, West Virginia, against the defendant, Eugene F. McDonald. In that action, the plaintiff sought recovery in the amount of $100,000 plus costs as the result of an automobile accident which occurred on October 9, 1979, in the City of Moundsville. The plaintiff asserted that the defendant negligently drove through a stop sign.

In his answer to the complaint, McDonald asserted a counterclaim against the plaintiff upon the theory of negligence. Furthermore, in count two of his counterclaim, McDonald asserted that on March 28, 1980, the plaintiff executed a written release with respect to the October 9, 1979, accident and agreed to the sum of $6,000 as settlement of her claim. In that counterclaim, McDonald asserted that the plaintiff repudiated the release and that the plaintiff refused to accept the settlement amount of $6,000. Accordingly, McDonald sought specific performance of the release agreement.[2]

It should be noted that subsequent to the accident, the plaintiff negotiated her claim with Phyllis J. MacVicar, an employee of an adjusting firm. That firm was employed by defendant McDonald's insurance company, The Omaha Indemnity Company (a Mutual of Omaha Company). Ms. MacVicar obtained the March 28, 1980, release from the plaintiff and subsequently mailed to the plaintiff a $6,000 check. Although the Omaha Indemnity Company (hereinafter "Omaha") was not mentioned in the release, Omaha executed the $6,000 check. The plaintiff refused that check and returned it to Ms. MacVicar.

In September, 1980, the plaintiff moved that Omaha be made a party to the action. In October, 1980, McDonald, pursuant to *W.Va.R.Civ.P.* 42(c), moved that the release issue be tried separately from the original action. By order entered September 24, 1981, the circuit court granted the motion of the plaintiff to join Omaha as a party and denied McDonald's motion for separate trials.[3] Pursuant to that order, the following questions were certified to this Court:

1. Whether Omaha Indemnity Company, under these factual circumstances, may be joined by plaintiff as a necessary or real, proper or indispensable party, to

---

**2.** The release executed by the plaintiff on March 28, 1980, provides, in part, as follows:

That Edith Bell Anderson for and in consideration of the sum of Six thousand and no/100 Dollars, ($6,000), the receipt and sufficiency of which is hereby acknowledged, does hereby remise, release and forever discharge Eugene McDonald his successors and assigns, and/or his, her, their heirs, executors and administrators, and also any and all other persons, associations and corporations, whether herein named or referred to or not, and who, together with the above named, may be jointly or severally liable to the Undersigned, of and from any and all, and all manner of, actions and causes of action, rights, suits, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or equity, including claims for contribution, arising from and by reason of any and all KNOWN AND UNKNOWN, FORESEEN AND UNFORESEEN bodily and personal injuries or death, damage to property, and the consequences thereof, which heretofore have been, and which hereafter may be sustained by the Undersigned or by any and all other persons, associations and corporations,

whether herein named or referred to or not, and especially from all liability arising out of an occurrence that happened on or about the 9 day of October, 1979, at or near Moundsville, W. Va.

**3.** The reasons of the circuit court for its rulings were stated in a memorandum of opinion dated September 10, 1981. That memorandum of opinion stated, in part, as follows:

Under our Rules, as now amended, it would appear that Omaha Indemnity, under these factual circumstances, may be a necessary or indispensable, real or proper party to this action. Clearly, Omaha Indemnity has an interest in the subject matter of this suit. Also, it appears that there may be common questions of law and fact arising out of the same transaction, occurrence, etc.

With respect to the issue of separate trial, it would seem, in view of the defendant's affirmative defense and counterclaim, that the subject of the insurance coverage cannot be separated out of the case. The defendant has raised it and it would appear to be heavily involved, whether the insurance company is named or not.

which question, this [Circuit] Court has ruled in the affirmative.

2. Whether the defendants, so joined, are entitled, under the circumstances, to a separate trial, to which questions, this [Circuit] Court has ruled in the negative.

For the reasons stated below, we affirm the rulings of the circuit court. It should be noted in passing that the merits of the negligence and validity of release issues are not before this Court. Those issues are to be resolved in the circuit court upon remand of this action.

I

The plaintiff contends that the circuit court was correct in joining Omaha as a party defendant. As the plaintiff's petition indicates, the plaintiff contends that, absent Omaha as a party to the action, a verdict for the plaintiff against McDonald would not prevent Omaha from asserting the validity of the March 28, 1980, release in a separate proceeding. The plaintiff contends, therefore, that the absence of Omaha in this action may subject the plaintiff to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" within the meaning of *W.Va.R. Civ.P.* 19(a). *W.Va.R.Civ.P.* 19(a) and (b) provide as follows:

(a) *Persons to be joined if feasible.* —A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and

his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by court whenever joinder not feasible.*—If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The defendants contend, however, with respect to *W.Va.R.Civ.P.* 19, that Omaha has no interest in the action, other than to provide insurance coverage to McDonald in the event that the March 28, 1980, release of liability is held to be invalid. Therefore, Omaha concludes that it should not have been joined as a party. Omaha asserts that it was not a party to the release, and that, absent Omaha in this action, the plaintiff is not prevented from litigating the validity of the release and, if successful, obtaining a judgment against McDonald.

The plaintiff further contends, however, that inasmuch as the issues in this action surrounding McDonald and Omaha arose from the same transaction or occurrence and involve common questions of law or fact, the joinder of Omaha as a party was proper under *W.Va.R.Civ.P.* 20(a). *W.Va. R.Civ.P.* 20(a) provides as follows:

(a) *Permissive joinder.*—All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or

fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Nevertheless, the defendants contend that, inasmuch as no claim was asserted in circuit court between the plaintiff and Omaha, joinder of Omaha as a party under *W.Va.R.Civ.P.* 20 is not permitted.[4]

It should be noted that *W.Va.R.Civ.P.* 19 and *W.Va.R.Civ.P.* 20(a) were amended by order of this Court entered on June 1, 1978. Those rules as amended follow substantially the language of the present federal rules. *See Fed.R.Civ.P.* 19 and *Fed.R. Civ.P.* 20.[5] No cases have been decided by this Court concerning Rule 19 and Rule 20 subsequent to the 1978 amendments.[6]

Three types of parties are generally recognized with respect to the issue of joinder under Rule 19 and Rule 20: indispensable

**4.** The complaint of the plaintiff did not assert a claim against Omaha. The answer to that complaint was filed by McDonald, which answer contained a counterclaim seeking specific performance of the March 28, 1980, release. The plaintiff's motion to dismiss that counterclaim, however, asserted that Omaha, rather than McDonald, was the real party in interest concerning the release issue. *See W.Va.R.Civ.P.* 17(a).

**5.** Prior to the 1978 amendments, *W.Va.R.Civ.P.* 19 and *W.Va.R.Civ.P.* 20 provided as follows:

Rule 19

(a) *Necessary joinder.*—Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.

(b) *Effect of failure to join.*—When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance; provided, however, that the judgment rendered in the action shall not affect the rights or liabilities of absent persons, except as provided in Rule 23(a).

(c) *Same: Names of omitted persons and reasons for nonjoinder to be pleaded.*—In any pleading in which relief is asked, the pleader shall set forth the names, if known to him, of persons who ought to be parties if complete

relief is to be accorded between those already parties, but who are not joined, and shall state why they are omitted.

Rule 20

(a) *Permissive joinder.*—All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(b) *Separate trials.*—The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.

**6.** Prior to 1978, the principal cases with respect to *W.Va.R.Civ.P.* 19 concerned the issue of indispensable parties. *See Dixon v. American Industrial Leasing Co.,* 157 W.Va. 735, 205 S.E.2d 4 (1974); *Pioneer Company v. Hutchinson,* 159 W.Va. 276, 220 S.E.2d 894 (1975), *overruled, State ex rel. E.D.S. Federal Corp. v. Ginsberg,* 163 W.Va. 647, 259 S.E.2d 618 (1979).

parties, necessary parties and proper parties. Indispensable and necessary parties are associated with Rule 19. Proper parties are associated with Rule 20. As the note to *W.Va.R.Civ.P.* 19 states in part: "Indispensable parties are those without whose presence the action cannot proceed. ... Necessary parties are defined as those who should be joined if feasible, but whose presence is not essential." Furthermore, as the note to *W.Va.R.Civ.P.* 20 states in part: "This rule deals with joinder of parties other than 'necessary' and 'indispensable' parties, which are dealt with in Rule 19. ... Those joinable under this rule are generally called 'proper' parties in federal courts." Of course, this Court is not unmindful that a mechanical designation of parties as indispensable, necessary or proper, should not be substituted for a comprehensive analysis of the rules of joinder. *See* Wright and Miller, *Federal Practice and Procedure* § 1604 (1972). However, those designations are still in use in federal cases and are somewhat helpful in distinguishing the reasons why the joinder of parties is granted or denied.

This Court is of the opinion that the circuit court did not commit error in granting the motion of the plaintiff to join Omaha as a party. We need not determine whether Omaha is an indispensable or necessary party to the action because, pursuant to Rule 20, Omaha is clearly a proper party and may be joined.

Omaha has a substantial interest in the action between the plaintiff and defendant McDonald. The validity or non-validity of the release of McDonald from liability is of direct concern to Omaha as well as to the plaintiff and McDonald. Specifically, the release issue was raised by McDonald in his counterclaim. Subsequently, the plaintiff moved that Omaha be joined as a party. If the release is held to be invalid, McDonald's potential liability to the plaintiff would ostensibly be covered by Omaha up to the limits of the policy. Although the negligence issue and the release issue arose from separate causes of action, the interests of McDonald and Omaha with respect to the release arose "out of the same transaction, occurrence, or series of transactions or occurrences" within the meaning of Rule 20(a), i.e., the process by which the release was acquired. Furthermore, the validity of the release involves a "question of law or fact" common to McDonald and Omaha. We conclude that the joinder of Omaha was discretionary, pursuant to Rule 20, under the circumstances of this action. The decision of the circuit court to join Omaha was not an abuse of that discretion.

■ When a release of liability is obtained by the representative of an insurance company and in a negligence action against the insured, the insured pleads the release as an affirmative defense pursuant to *W.Va.R.Civ.P.* 8(c), and the plaintiff has moved to join the insurance company as a party to the action, the trial judge may join the insurance company as a party to the action pursuant to *W.Va.R.Civ.P.* 20.[7]

■ Rule 20, concerning the permissive joinder of parties, is to be liberally construed. *Hess v. Gray*, 85 F.R.D. 15, 22 (D.C.Ill.1979); Lugar and Silverstein, *West Virginia Rules of Civil Procedure* 177 (Michie 1960).

Accordingly, we affirm the ruling of the circuit court that Omaha be joined as a party defendant.

## II

In circuit court, defendant McDonald attempted to have the issues of negligence and release of liability tried separately. The plaintiff, however, contends that the circuit court did not abuse its discretion in deciding not to try those issues separately. As *W.Va.R.Civ.P.* 42(c) provides:[8]

---

7. As *W.Va.R.Civ.P.* 8(c) provides, in part: "In pleading to a preceding pleading, a party shall set forth affirmatively ... release ... and any other matter constituting an avoidance or affirmative defense."

8. *See also W.Va.R.Civ.P.* 20. As *W.Va.R.Civ.P.* 20(b) provides:

(b) *Separate trials.*—The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim

(c) *Separate trials.*—The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by Article III, Section 13 of the West Virginia Constitution or as given by a statute of this State.

The principal assertion of the defendants is that separate trials are necessary in order to prevent the jury in the negligence action from considering evidence to the effect that McDonald had liability insurance. The defendants contend that the admission of evidence concerning McDonald's insurance coverage by Omaha would be prejudicial to McDonald in the negligence action and that the denial by the circuit court of separate trials constituted an abuse of discretion.

■ The granting of separate trials, pursuant to *W.Va.R.Civ.P.* 42(c), rests within the discretion of the trial judge. *Bowman v. Barnes*, 168 W.Va. 111, 282 S.E.2d 613, 617 (1981); *Bluefield Sash and Door Company, Inc. v. Corte Construction Company*, 158 W.Va. 802, 216 S.E.2d 216, 219 (1975), *overruled on other grounds*, *Haynes v. City of Nitro*, 161 W.Va. 230, 240 S.E.2d 544, 550 (1977); Lugar and Silverstein, *West Virginia Rules of Civil Procedure* 319 (Michie 1960); Wright and Miller, *Federal Practice and Procedure* § 2388 (1971). In *Federal Practice and Procedure, supra*, the following general rule is stated:

Ultimately the question of separate trials should be, and is, within the discretion of the trial court. It must weigh whether one trial or separate trials will best serve the convenience of the parties

and court, avoid prejudice, and minimize expense and delay. The major consideration, of course, must be which procedure is more likely to result in a just final disposition of the litigation.

■ In a negligence action, the granting of a separate trial upon the issue of the validity of a release of liability rests within the discretion of the trial judge. *Locke v. Atchison, Topeka and Santa Fe Railway Company*, 309 F.2d 811, 817 (10th Cir. 1962); *Bedser v. Horton Motor Lines, Inc.*, 122 F.2d 406, 407 (4th Cir. 1941); *Mannke v. Benjamin Moore & Company*, 251 F.Supp. 1017 (W.D.Penn.1966), *affirmed*, 375 F.2d 281 (3rd Cir. 1967); *O'Donnell v. Thompson-Starrett Co.*, 92 Misc. 710, 156 N.Y.S. 342, 343 (1915); *Cowart v. Honeycutt*, 257 N.C. 136, 139, 125 S.E.2d 382, 384 (1962); *Charron v. Northwestern Fuel Co.*, 143 Wis. 437, 439, 128 N.W. 75, 77 (1910).[9]

This Court has found many cases in which separate trials of negligence and release issues were granted. In other cases, however, separate trials were denied. For example, in *House v. Scheffler*, 27 N.Y.S.2d 681 (1940), *affirmed*, 261 App.Div. 1088, 27 N.Y.S.2d 1002 (1941), the plaintiff by a guardian ad litem brought an action to recover for personal injuries sustained while the plaintiff was a passenger in an automobile. The defendant asserted the defense of release and moved for a separate trial upon the release issue. In *House*, the plaintiff alleged that as a result of the accident, he suffered brain injury. Furthermore, the plaintiff indicated that he was mentally incompetent at the time the release was executed. The court in that action denied the defendant's motion for a separate trial and stated, in part, as follows:

The Court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in

against him, and may order separate trials or make other orders to prevent delay or prejudice.

**9.** *See* Annot., "Propriety of Separate Trials of Issues of Tort Liability and of Validity and Effect of Release," 4 A.L.R.3d 456 (1965). Section

four of that annotation states, in part, as follows: "With one exception, the cases throughout this annotation expressly or inherently recognize that the granting of a separate trial on the issue of the validity and effect of a release is within the sound discretion of the trial court."

the case. Civil Practice Act, § 443. The section, however, does not indicate the propriety of following such practice in every negligence case, and the usual negligence case does not ordinarily present a situation calling for this more cumbersome procedure. *McGurty v. D., L. & W. R. R. Co.*, 172 App.Div. 46, 158 N.Y.S. 285. The issue of the release is triable by a jury and in the ordinary case the orderly disposal of the action would require that the issues be disposed of in one trial by a jury. *Wood v. A. Hagaman & Co., Inc.*, 245 App.Div. 890, 282 N.Y.S. 351. From all the cases the rule evolves that plaintiff should not be put to the burden of two trials unless there is serious danger of prejudice to the defendant in having to try the main issues in the case and the release issues at the same time before a single jury. *Spencer v. Hunt*, 247 App.Div. 503, at page 505, 286 N.Y.S. 767. Motions for separate trial should be denied in those cases where a trial of the issues relating to the release will necessarily involve much, if not all, of the same evidence relating to the main issues of negligence, contributory negligence and damages, and hence, would result, if plaintiff were successful on a separate trial, in having two trials on practically the same issues. *Winokur v. Quaker City Bus Co., Inc.*, 255 App.Div. 273, 7 N.Y.S.2d 380.

27 N.Y.S.2d at 682.

This Court is well aware that, pursuant to *W.Va.R.Civ.P.* 8(c), defendant McDonald was required to assert the release of March 28, 1980, as an affirmative defense to the plaintiff's complaint. *See* n. 7, *supra.* However, this Court declines to hold as a matter of law that McDonald or Omaha will be prejudiced in this particular action if the negligence and release issues are not tried separately. Pursuant to Rule 42(c) the circuit court, where appropriate, "may order a separate trial." The granting of a separate trial under that rule is clearly discretionary. This Court will not interfere with that discretion in this action, and the ruling of the circuit court denying separate trials is affirmed.

The rulings of the Circuit Court of Marshall County, West Virginia, upon the questions certified to this Court are hereby affirmed, and this action is remanded to the Circuit Court of Marshall County for proceedings consistent with this opinion.

Rulings affirmed.